Jennifer STEWART, Plaintiff–Appellant,

v.

VISTA POINT VERLAG, Defendant–Appellee.

Ringier Publishing Gmbh, Defendant.

No. 00–9471.

United States Court of Appeals, Second Circuit.

Oct. 11, 2001.

Nathaniel B. Smith, Esq., New York, NY, for plaintiff-appellant.

Lisa C. Cohen, Schindler, Cohen & Hochman LLP, New York, NY, for defendant-appellee.

Present McLAUGHLIN, STRAUB and KATZMANN, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Jennifer Stewart ("Stewart") appeals from an order of the United States District Court for the Southern District of New York, dismissing Stewart's complaint against Defendant–Appellee Vista Point Verlag ("Vista Point") for lack of personal jurisdiction. Familiarity with the factual background of this case and the reasons for the District Court's decision is presumed. *See Stewart v. Vista Point Verlag,* No. 99 Civ. 4225(LAP), 2000 WL 1459839 (S.D.N.Y. Sept.29, 2000). The District Court concluded that Stewart failed to make a prima facie showing that personal jurisdiction exists. *See Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985).

Because there is no specific federal statute governing personal jurisdiction in copyright or Lanham Act matters, the District Court correctly applied New York's long-arm statutes, New York Civil Practice Law and Rules ("CPLR") §§ 301 and 302. In so doing, the District Court found that Stewart had not pled facts sufficient to indicate that Vista Point should have reasonably expected its acts to have consequences in the state in order to bring it within CPLR § 302(a)(3)(ii). The District Court also concluded that, even if Stewart had alleged sufficient facts to bring Vista Point within New York's long-arm statute, an establishment of jurisdiction over Vista Point would offend the Due Process Clause of the Fourteenth Amendment. Although the District Court did not decide whether Stewart had pled sufficient facts to indicate that Vista Point committed a tortious act within New York, its finding that Stewart failed to satisfy federal due process standards would defeat any establishment of personal jurisdiction under New York's long-arm statute that Stewart could have made.

The District Court also denied Stewart's motion for discovery in order to establish whether the District Court had personal jurisdiction over Vista Point. The District Court concluded that Stewart failed to make the prima facie showing necessary to warrant such discovery.

We affirm substantially for the reasons provided by the District Court. *See Stewart,* 2000 WL 1454839, at \*2–\*6.

### CONCLUSION

For the reasons provided above, the judgment of the District Court is AFFIRMED.